IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERWIN POSADAS,

      Petitioner,                     No. CIV S-10-1839 DAD P

    vs.

AVENAL STATE PRISON et al.,

      Respondents.               ORDER

/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In accordance with the court's October 6, 2010 order, petitioner has filed an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may

1  dismiss a petition for writ of habeas corpus at several stages of a case, including "summary
2  dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the
3  answer and petition are considered; or a dismissal after consideration of the pleadings and an
4  expanded record."

## BACKGROUND

On July 22, 2010, petitioner commenced this action by filing a petition for writ of habeas corpus. Therein, he alleges that correctional officers at Avenal State Prison, Soledad State Prison, and Corcoran State Prison lost his personal property during his transfers between those institutions. In petitioner's view, the correctional officers' actions amount to a violation of his rights under state and federal law. (Pet. at 3 & Attach.)

## ANALYSIS

The petition pending before the court will be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief. Petitioner is advised that habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, petitioner does not challenge the legality of his conviction, a parole proceeding, or other adjudication that has led to his current incarceration. Rather, petitioner challenges the conditions of his confinement, specifically his loss of property. Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Accordingly, petitioner is not entitled to habeas corpus relief, and this habeas action will be dismissed without prejudice to filing a civil rights action.[1]

---

[1] Petitioner, however, is also advised that the United States Supreme Court has held that an "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the . . . Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the [alleged] loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). See also Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985). Thus, where a

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's October 18, 2010 motion to proceed in forma pauperis (Doc. No. 9) is granted;

2. Petitioner's July 22, 2010 application for writ of habeas corpus (Doc. No. 1) is dismissed without prejudice to filing a civil rights action; and

3. This action is closed.

DATED: March 14, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
posa1839.156

---

prisoner may receive compensation for any intentionally lost property by filing a tort claim under California Government Code, §§ 900, et seq, he gas been provided a meaningful post-deprivation remedy under state law and allegations with respect to the lost property would likely fail to state a cognizable due process claim if brought in a civil rights action.